UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| JOHNNIE DAVIDSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 7: 06-129-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| DEPARTMENT OF HEALTH AND | ) | **MEMORANDUM OPINION** |
| HUMAN SERVICES, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In addition to a number of other pre-trial motions that have been addressed by separate orders, the United States has requested that a reversionary trust be established for the benefit of Emma Davidson. If granted, any judgment paid by the United States would be placed into a trust for her benefit during her lifetime. If any sum remained, it would be returned to the United States. [Record No. 218] The Plaintiffs oppose the United States' motion, asserting that applicable legal authority does not support the request. Further, it argues that a reversionary trust would not be beneficial to Emma Davidson.

After considering the parties' respective positions and authorities, the Court will deny the motion.

**I.  Relevant Facts**

There is no dispute that Emma Davidson suffered a severe, profound brain injury during her October 2003 birth. [Record No. 218] As a result, she has irreversible and permanent

-1-

injuries which will require constant care for the remainder of her life. However, the parties do not agree about Emma Davidson's life expectancy or the extent of the medical and other treatment that will be required during her lifetime. For example, Dr. Edward Hoffman, one of the United States' anticipated expert witnesses, is expected to testify that Emma Davidson has a 50 percent chance of life expectancy of 25 years, but only a ten percent chance of living to age 40. Conversely, two of the Plaintiffs' anticipated expert witnesses are expected to testify that Emma Davidson has a life expectancy of 45 and 75 years, respectively. In addition to the different opinions regarding life expectancy, the parties' expert witnesses are expected to disagree concerning the annual costs associated with Emma Davidson's care and treatment. [*See* Record No. 218, pp. 2-3.]

**II.     Legal Analysis**

Due, in part, to the divergent damage estimates, the United States asserts that the Court should exercise its inherent authority to order the Plaintiffs to deposit some or all of any lump-sum judgment paid by the United States into a trust for the benefit of Emma Davidson during her lifetime, with any remaining balance to be paid to the United States upon her death. It contends that, while the Court lacks jurisdiction to order the United States to establish such a trust, it may order the Plaintiffs to do so under Rule 17 of the Federal Rules of Civil Procedure if the Court finds that a reversionary trust is in the best interest of Emma Davidson or where, as here, the parties have a substantial and real dispute concerning life expectancy or the cost of future care. *See Hull v. United States*, 971 F.2d 1499 (10th Cir. 1992).

According to the United States, the Tenth Circuit in *Hull, supra*, concluded that, "provided the government satisfies its obligation up front in one lump sum, nothing in the FTCA prohibits courts from exercising their inherent authority to structure awards or to impose trusts or reverter conditions to ensure that the damage recovery is in the best interest of the victim." *Id.* at 1505.[1] Further, it has cited other cases in which courts have approved reversionary trusts where the injured party has an uncertain or shortened life expectancy or where there is a significant dispute regarding future damages. *Nemmers v. United States*, 795 F.2d 628 (7th Cir. 1986), *on remand*, 681 F.Supp. 567 (C.D. Ill. 1980), *aff'd*, 870 F.2d 426 (7th Cir. 1989); *Deasy v. United States*, 99 F.3d 354, 360 (10th Cir. 1996). As the United States points out, the reversionary trusts established in *Nemmers* and *Deasy* were not based on the "best interest" test utilized in *Hull*.

The Plaintiffs argue that a reversionary trust would be improper because it ignores the requirements of 28 U.S.C. § 2674 and would benefit the United States – not Emma Davidson. More specifically, they point out that under the Federal Tort Claims Act, Kentucky law will determine the extent and manner of the United States' liability. *See* 28 U.S.C. § 1346(b). And under Kentucky law, a tortfeasor is not entitled to a reversionary interest in an award for future damages. Instead, if proven to the satisfaction of the fact finder, such damages are awarded in a lump sum with the plaintiffs assuming the risk that the victim will outlive the income provided in the anticipated award. Conversely, any sum remaining if the victim dies earlier than

---

[1] The "best interest" test was satisfied in *Hull, id.*, by a private letter ruling by the Internal Revenue Service which indicated that a reversionary trust would receive favorable tax treatment, exempting the trust income from federal taxation. While there is no indication that a reversionary trust established in the present case would be treated any differently, there is also no guarantee it would receive similar treatment.

anticipated will be viewed as compensation to the parents for assuming the risk that the victim will outlive the award. *See Nemmers, supra,* at 635; *see also Peterson v. United States*, 469 F.Supp.2d 857, 860-61 (D. Hawaii, 2007).[2]

In addition to the foregoing arguments, the Plaintiffs assert that the United States' request for a reversionary trust is not in Emma Davidson's best interest. Unlike the facts presented in *Hull v. United States*, 971 F.2d 1499, 1505 (10th Cir. 1992), *cert. denied* 507 U.S. 1030 (1993), there is no indication here that Emma Davidson's parents and guardians are unfit or would not act in her best interests. Although the United States contends that "[e]ven the most caring and well-intentioned parents frequently lack the financial management skills necessary to wisely invest and effectively manage a large lump some of money," they also admit that the parents of Emma Davidson "are very caring parents who would never intentionally make a decision that would not be in Emma's best interest." [Record No. 257, p. 3]

Moreover, the primary cases relied on by the United States, including *Hull* and *Wilmoth v. United States*, 2007 U.S. Dist. LEXIS 34571 (D. Ariz. May 10, 2007), involved situations in which the real parties in interests agreed to the reversionary trust. *See Hull*, 971 F.2d at 1505; *Wilmoth*, 2007 U.S. Dist. LEXIS 34571, at *3. As the Tenth Circuit noted in *Hull*,

> [t]he fact that Lee [Hull] consented to a fully reversionary trust through his legal representative, the guardian as litem, is a highly relevant consideration because Lee is the real party in interest. Nothing in the language of 28 U.S.C. § 1346 or

---

[2] The Plaintiffs also note that the Tenth Circuit decisions relied upon by the United States are inapplicable here. In *Deasy v. United States*, 99 F.3d 354 (10th Cir. 1996), the court applied Colorado law which encompassed a statute requiring that certain future damage awards be made in periodic payments and that those payments ceased upon the victim's death. *See Hill v. United States*, 81 F.3d 118, 120 (10th Cir. 1996), *cert. denied* 519 U.S. 810 (1996).

>courts' interpretation thereof prevents the real party in interest from consenting to receive the lump sum judgment in any form, including a reversionary trust.

*Hull*, 971 F.2d at 1505. *See also Wilmoth*, 2007 U.S. Dist. LEXIS 34571, at *3 (noting that "[h]ere the parties have stipulated to a reversionary trust"); *Robak v. United States*, 503 F. Supp. 982, 983 (N.D. Ill. 1980) (establishing a fully reversionary trust with the consent of the real party in interest); *Reilly v. United States*, 665 F. Supp. 976, 1018 (D. RI 1987) (establishing a limited reversionary trust with the consent of the real party in interest).

While the Plaintiffs have cited other cases refusing to create a trust where the United States fails to demonstrate that it is in the child's best interest, the Court does not find it necessary to address these authorities. Where, as here, relevant state law does not provide for such relief, the Court will not attempt to invoke its inherent authority to require such a trust be established by the objecting Plaintiff/guardians. Further, under Rule 17(c) of the Federal Rules of Civil Procedure, the Court does not believe that any evidence has been submitted that would indicate that a reversionary trust is necessary for the protection of Emma Davidson.

After hearing testimony and considering all other relevant evidence, the Court will issue a finding concerning liability and any appropriate damages which might be justified under relevant law. Here, the United States has not cited any relevant Kentucky authority under which a reversionary trust has been imposed contrary to the wishes of the parties. Rather, as the United States asserts in its Reply, "'[t]he object of [Kentucky] tort law is to, so fare as possible with money, place the injured party in the position he would have been if no tort had been committed." [Record No. 257, p. 2 (citing *Paducah Area Public Library v. Terry*, 655 S.W.2d 19, 23 (Ky. App. 1983)]. This general rule awarding "full compensation" is not altered by the

fact that life expectancy and other issues are hotly contested. *See Paducah*, 655 S.W.2d at 23 ("The law recognizes the fundamental importance of the ability to earn, and therefore mandates that impairment of earning power shall be fully compensated. Likewise, the ability to live free of pain and suffering is essential to a meaningful life. If freedom from pain is lost through tortious injury, the law provides full compensation.")

Accordingly, being sufficiently advised, it is hereby

**ORDERED** that Defendant United States' motion for a reversionary trust [Record No. 218] is **DENIED**.

This 30th day of October, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge